# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Kelvin Demetrius Hudson

February 26, 1999

Case No. CR97-005474-00

BY JUDGE MARC JACOBSON

Defendant, Kelvin Hudson, by way of motion has requested "That the Commonwealth is also obligated to produce any exculpatory evidence in its possession, or the various Louisiana Police Departments, for use at trial." (Mot. to Compel Discovery, ¶ 5.)

In response to the aforesaid motion the Commonwealth contends:

[The *Brady*] rule and those case precedents, by their terms, apply only to those criminal charges of which the Commonwealth seeks to hold the defendant criminally liable in the pending case. They do not apply to any previous unadjudicated conduct for which the defendant has not been criminally prosecuted . . . .

The defendant, without legal authority, seeks additional "discovery" of information which will not be introduced during this [guilt] phase of the trial, but rather during the sentencing phase.

(Commonwealth's Response to Mot. to Compel Discovery, ¶¶ 3, 4.)

The constitutional right to discovery of exculpatory material extends to the penalty phase as well as the guilt phase of a trial. "It is now settled that 'the suppression by the prosecution of evidence favorable to the accused upon request violates due process when the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution'." *Stover v. Commonwealth*, 211 Va. 789, 795, 180 S.E.2d 504, 509 (1971)

(citing *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97, 10 L. Ed. 2d 215, 218 (1963)). Thus the *Brady* requirements apply when the evidence is (1) favorable to the accused and (2) material to either guilt or punishment.

Further the Supreme Court of Virginia has consistently interpreted criminal discovery very narrowly. In the case of *Lowe v. Commonwealth*, 218 Va. 670, 239 S.E.2d 112 (1977), the defendant tried to discover four other eyewitnesses who ended up not testifying for the Commonwealth:

> There is no general constitutional right to discovery in a criminal case and the case of *Brady v. Maryland*, 373 U.S. 83 (1963), relied on by the defendant, did not establish one. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). . . . At the core of this due process rule of fairness is that the evidence must be exculpatory, favorable to the accused. Here, defendant's argument urges us to assume that critical basic fact, without support from the record. There is not the slightest indication the Commonwealth withheld information favorable to defendant. Actually, the trial court, upon defendant's motion, ordered the prosecutor to furnish exculpatory information "of whatever form, source or nature", and there is no direct claim that this order was not complied with. Defendant merely contends that "if" the uncalled witnesses "would" testify that defendant was not one of the robbers, their testimony "would be exculpatory." Such conjecture is insufficient to bring the motion here under the rule of *Brady* and *Stover*.

*Id.* at 679.

The capital jurisprudence of the late 1980's and early 1990's permitted the Commonwealth to introduce unadjudicated acts of the defendant in an effort to prove the defendant's future dangerousness. *See Stockton v. Commonwealth*, 241 Va. 192, 209-10, 402 S.E.2d 196, 206 (1991). As a result, the legislature added Code § 19.2-264.3:2 in the 1993 session. That section requires the Commonwealth, upon defense motion, to disclose its intent to present unadjudicated acts. Specifically, the Commonwealth must disclose "a description of the alleged unadjudicated criminal conduct and, to the extent such information is available, the time and place such conduct will be alleged to have occurred." Va. Code Ann. § 19.2-264.3:2 (Michie 1995, Supp. 1998). Apparently there is no dispute that the Commonwealth has complied with this section's mandate.

This Court has previously issued a discovery order in this case with wording similar to the order in *Lowe, supra*. On January 29, 1998, this Court ordered the Commonwealth to "divulge and disclose to counsel for the defendant any evidence known to the Attorney for the Commonwealth which tends to exculpate the defendant . . . ."

Counsel for Hudson ask this Court to impose a requirement that the Commonwealth actively investigate the disposition of the unadjudicated offense charges that the Commonwealth intends to introduce at the penalty phase of the trial should such be appropriate, including going beyond the public record. Counsel for Hudson cite no case that requires the Commonwealth to delve into the facts and circumstances of each unadjudicated act beyond the evidence which the Commonwealth accumulates in its own investigation, and this Court declines to require the Commonwealth to do so. However, if in preparing its case the Commonwealth comes across or becomes aware of any exculpatory information or evidence or documents that may be material to either the guilt or penalty phase of Hudson's trial, the Commonwealth is required to disclose same to counsel for Hudson, pursuant to *Brady* and *Stover*. Further, to the extent that the Commonwealth suggests that it need not disclose exculpatory information as to unadjudicated acts which the Commonwealth intends to present in the penalty phase, if appropriate, this Court does not so agree as the language of *Stover* does apply to punishment and any exculpatory material that is material to the determination of punishment such as future dangerousness.